## ESTATE AND GUARDIANSHIP OF MARGARET TOBELMANN, AN INSANE PERSON.

### [No. 5894; decided March 25, 1887.]

**Guardianship.**—Where an Insane Person, While Sane, has selected a conservator of her property, the court should regard such selection as the expression of the wishes of a competent person, and, where the management of such agent has been prudent and judicious, the best interests of her estate will be promoted by continuing it in his hands.

**Guardianship.**—A Divorced Husband is a Stranger to a Proceeding for the appointment of a guardian of his former wife, an insane person, except so far as he is concerned in the succession of the children of the marriage to her estate.

**Guardianship.**—In an Application by a Divorced Husband for letters of guardianship of the person and estate of his former wife, an insane person, the decree of divorce must be taken as correct and conclusive.

J. C. Bates, for Martin J. Burke, applicant.

A. H. Loughborough, for F. Tobelmann, counter applicant.

COFFEY, J.   On January 19, 1887, Martin J. Burke filed in this court a petition alleging that he is a resident of the

city and county of San Francisco, of the age of fifty years
and upward, and was and had been for five years last past
the agent and friend of Margaret Tobelmann; that said Margaret
is a resident of San Francisco; that she is a single
woman, having been divorced from Frederick Tobelmann, once
her husband, on August 24, 1886, by a judgment and decree
of the superior court of this city and county; that by
the terms of the judgment and decree of divorce the issue of
the marriage, to wit, Lizzie Tobelmann, of the age of eleven
years, was awarded to the wife, said Margaret, and the boy
Frederick was awarded to his father Frederick; that said Margaret
has property situate in the city and county of San Francisco,
consisting of money and real estate, described in said
petition, which brings in an income of about $400 per month;
that said Margaret is now insane and under treatment for
insanity in the Pacific Asylum at Stockton under the management
of Dr. Asa Clark, and has been there since October
15, 1886; that she is not capable of taking care of herself and
is mentally incompetent to manage her property, and that it
is necessary that a proper person be appointed guardian of
the person and property of said Margaret; that said petitioner,
Martin J. Burke, was voluntarily selected by said Margaret
as her agent to rent, lease and manage her property
while sane, and that he is a competent, fit and proper person
to have the care and management of said Margaret and her
property, and that the petitioner verily believes that he is her
choice; that he is the duly appointed, qualified and acting
guardian of the person and estate of Christian A. Tittel, who
is also an incompetent person, and who is a brother of said
Margaret; that in consideration of the premises the petitioner
prays that he may be appointed guardian of the person and
estate of said Margaret Tobelmann.

On January 28, 1887, Frederick Tobelmann filed his petition
setting forth that he was formerly the husband of said
Margaret Tobelmann, and that he had always been a good
and kind husband to her, but that actuated by an insane delusion
that he had treated her cruelly she commenced an action
for divorce against him, which resulted in the decree of

divorce mentioned in the petition of Martin J. Burke; that the said divorce was obtained upon false testimony given by her under the insane delusion aforesaid, and which the petitioner could not disprove further than by his own testimony; that the said decree of divorce has been subsequently modified so as to give to the petitioner the custody of the two children mentioned in the said petition of Martin J. Burke, and that the petitioner Frederick is the father and now has the custody of the said two children, both of whom are minors under the age of twelve years; that the said Margaret is insane; that she is a resident of the city and county of San Francisco, and is the owner of real estate yielding a monthly rental of about $400; that she has about $3,000 on deposit in bank and in the hands of Martin J. Burke at said city and county; that she is incompetent to manage her property by reason of her mental insanity; that the petitioner is over twenty-one years of age and a resident of said city and county; that the said Margaret has no guardian of her person and estate; and that the petitioner is the proper person to be appointed such guardian, and he prays to be so appointed.

These petitions came on to be heard at the same time, and evidence was introduced in support of each. It was shown by the evidence that Margaret Tobelmann was insane, and was at the time of the hearing and had been for some time prior thereto an inmate of the lunatic asylum, and was at the time of the application and hearing mentally incompetent to manage her own estate.

It was also shown by the judgment and decree of divorce alluded to in the petition of Martin J. Burke that she had been divorced, as in said petition alleged, from said Frederick, and that the custody of one of the children, Lizzie, had been awarded to her, and the custody of the other, Frederick, to her former husband, and that said judgment and decree had not been modified at the time of the hearing of this application. The value and character of her estate were also proved substantially as in both petitions set forth.

The question is, therefore, reduced to one of the relative fitness of the applicants for appointment as guardian. In considering this question I have examined, at the request of counsel, the evidence given in the divorce proceedings in order that I might have the benefit of all that was testified to at that time as to the relations between the applicant, Frederick Tobelmann, and his former wife, Margaret, and draw therefrom a conclusion as to his competency to be appointed in this proceeding guardian of her person and estate.

I see nothing in the testimony in that case to warrant the conclusion that the said divorce was obtained upon false testimony given by her under an insane delusion that Frederick had treated her cruelly, and I am not authorized, either in law or in fact, to declare that the decree of divorce in that case was founded upon false premises. I must accept that decree as correct and conclusive. The applicant, Frederick Tobelmann, therefore, is a stranger to this proceeding except so far as he is the father of the children of Margaret, and concerned for their succession to her estate. He prays to be appointed guardian of her person and estate.

Taking as true her testimony in the divorce case, as well as her testimony in this court in the matter of the guardianship of Christian A. Tittel, her brother, I should not feel justified in committing to her former husband the custody of the incompetent.

With reference to the estate, it does appear that while Margaret Tobelmann was presumably sane the petitioner, Martin J. Burke, was voluntarily selected by her as her agent to rent, lease and manage her property, and that he was, also, at her instance appointed, and is acting as guardian of the person and estate of Christian A. Tittel, the brother, also an incompetent. So far as has been brought to the attention of the court, his management of the estate has been prudent and judicious, and I think I am bound to regard the choice of Margaret Tobelmann, when she made selection of Martin J. Burke, as the expression of a person competent to select a conservator of her property.

As between these two applicants, without intending to cast any undue reflection upon Frederick Tobelmann, I am of opinion that the best interests of the estate would be promoted by continuing its care and custody in the hands of the one to whom it had been committed by Margaret Tobelmann while yet she was in presumptive possession of her mental faculties.

It is, therefore, ordered that the application of Martin J. Burke for letters of guardianship over the person and estate of Margaret Tobelmann be and it is granted; and it follows that the application of Frederick Tobelmann be and it is denied.